IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) CRIMINAL CASE NO. 04-10231-MLW <br> ) |
| v. | ) <br> ) |
| PETER V. MAGGIO, III, *ET AL.* | ) <br> ) |

GOVERNMENT'S SENTENCING MEMORANDUM
RE: DEFENDANT **SEAN SACCO**

SEAN SACCO has pleaded guilty to Count One (Conspiracy) and to Count 6 (Mail Fraud). The number of counts do not signify SACCO's role in criminal scheme; they merely reflect charged events within the applicable statute of limitations.

The Government submits the following matters for this Court's consideration in connection with the sentencing of defendant SEAN SACCO:

I.  The Government did not file objections to the draft PreSentence Report. However, as noted by the Probation Department, the Government reconfirms its commitment to recommend a finding in line with loan amounts and losses set out in a letter to counsel filed with this Court at the plea hearing on June 15, 2006.

   The Government agrees with the Probation Department and defendant SACCO that the loss figures should be adjusted to delete two loans for which the evidence may not suffice to show direct participation by SACCO.[1]

---

[1] The subject loans are: (1) February 10, 1999, loan from New Holland in the amount of $133,350 with a loss of $30,375; and (2) June 25, 1999, loan from CIT in the amount of $82,359 with a loss of $22,835.

>   The reduced loss calculation of $ 420,878.93 does not impact the sentencing guidelines as calculated by the Probation Department for the reason that +9 levels are still added to the base offense level.
>
>   The Government and the Probation Department do not agree with SACCO's assertion that an additional loan in the amount of $138,239 with a loss of $95,023 should be excluded from the loss calculation. SACCO's basis for excluding this loan is that while the loan may represent his direct involvement as the Government alleges, he simply is uncertain whether he signed the loan documents.
>
>   Perhaps the defendant cannot be faulted for attempting to exclude a loan large enough to reduce his offense level from 9 to 8, but his present claim of uncertainty is insufficient to exclude a matter to which he previously pleaded guilty. *See* Indictment at p. 28, ¶¶ 42 N-P.

II.  The Government submits the following with regard to the defendant's Objections To The Presentence Report and SACCO's Sentencing Memorandum:

  A.  SACCO objects to the assertion in the draft PSR at ¶34 that he was paid $ 600 for signing loan documents and was paid cash "on the side." The Government addresses this otherwise minor detail because SACCO's objection is unwarranted and borders on a frivolous contesting of the evidence.

   1. For this objection SACCO claims that he was paid $600 per week "for work he performed on behalf of Mr. Maggio and the construction business."

   2. And yet, for his objection to application of "sophisticated means" in PSR ¶ 253, SACCO adopts the self-serving position that "the defendant's responsibilities did not involve anything more than signing documents as Mr. Maggio instructed him to do."

   3. In fact, during an FBI interview on May 11, 2004, SACCO specifically stated that he was paid a flat $600 a month for signing loan papers, plus $200 on the side. *See* FBI 302.

2

      4.    Moreover, SACCO's quibbling notwithstanding, he acknowledges that he received cash, and a review of tax returns shows that he did not report the income.

      5.    It is obvious that the original statement of fact is entirely accurate.

B.    SACCO asserts that "the government acknowledges that the defendant had a minimal role."  See SACCO Sent. Mem. at 2.  This is patently incorrect.

      1.    At no time has the Government suggested that SACCO's role was minimal.  On the contrary, the Indictment and the Government's Statement of the Offenses contain myriad assertions that SACCO played an important role with a significant impact.

      2.    The breadth and duration of SACCO's role in the fraudulent scheme are detailed in the Indictment at p. 26-30, ¶¶ 42(A)-(CC) and in the PSR at ¶¶ 33-37, 179-207.  The facts cannot support a finding that SACCO played a minor role in the conspiracy.

      3.    Moreover, the evidence shows that SACCO's criminal conduct lasted from November 1998 through October 1999, leading to 9 loans in the name of his DBA called S&S Trucking for an aggregate $1,155,651.

      4.    In any event, neither the Government nor the PSR hold SACCO liable only for those activities within the overarching conspiracy where SACCO was personally and directly involved.  Where the PSR already gives SACCO a reduced level of liability -- $ 420,878 among $15,731,860 losses from the entire scheme -- he cannot claim to have had a "minimal role" regarding that reduced level of activity where he was intimately involved.

C.    SACCO objects to enhancement under §2F1.1(b)(5)© for "use of sophisticated means".

      1.    Where the enhancement applies to the case at large, it applies to individual defendants.  The Government incorporates by reference, its

3

          discussion at pp. 6-11 of the Government's Sentencing Memorandum Re: Michael O'Neill.

    2. Furthermore, SACCO personally employed sophisticated means in that he creates two DBA construction companies, executed loan applications in the names of the DBA's [necessarily knowing that financial information *from some source* must be submitted to the lender to support the loans], and executed closing documents in his purported capacity as the owner and operator of those DBA's.

    3. Whether for his personal use of "sophisticated means" or the use of such means in the scheme at large, the enhancement applies to sentencing of defendant SACCO.

D. The defendant's request for a non-prison sentence is not supported by the record.

    1. SACCO's offenses involved numerous loans and created large-scale losses. He was paid for his criminal activities. His crimes lasted over a significant period of time and cannot be characterized as an "aberration." *See*, SACCO Sent. Mem. at 4.

    2. SACCO's claim that "as a consequence of his conduct in the offense, the defendant declared bankruptcy", *id.*, cannot be applied as a factor in mitigation. SACCO was specifically told that in a "worst case scenario" the loans would not be paid and he might have to declare bankruptcy. *See* PSR at ¶¶ 24, 34. SACCO simply decided to take the risk and cannot now urge the result as a factor in mitigation to avoid a prison sentence.

    3. SACCO proffers letters from a family friend and a family member.

        a. One letter declares: "Hopefully those in the corporate world, such as those in Sean Sacco's dilemma, will feel stiffer judicial penalties in the future." This letter places SACCO as a mere victim of "trickery" in the business world, but states that <u>others</u> in the business world should receive stiff sentences.

      b.    The second letter is from a member of the family of defendants SACCO and PARADISO. It declares that "[b]oth have been law-abiding citizens during their entire lives." It appears that the family likewise sees the defendants as merely victims, and does not even now acknowledge that they have violated the law in any important way.

Respectfully submitted this 18th day of October, 2006.

                          MICHAEL J. SULLIVAN
                          UNITED STATES ATTORNEY


                   By:   /s/ Victor A. Wild
                         VICTOR A. WILD
                         Assistant U.S. Attorney
                         One Courthouse Way
                         Boston, MA 02210
                         (617) 748-3100


## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the attorneys listed below a copy of the foregoing document via ECF.

                          /s/ Victor A. Wild
                          VICTOR A. WILD
                          Assistant U.S. Attorney


| | |
|---|---|
| James M. Merberg, Esq.<br>66 Long Wharf<br>Boston, MA 02110<br>Attorney for Peter V. Maggio | William M. White, Esq.<br>1 Faneuel Hall, 3rd Floor<br>Boston, MA 02109<br>Attorney for Sean Sacco |
| Joseph S. Oteri, Esq.<br>20 Park Plaza<br>Boston, MA 02116<br>Attorney for Michael R. O'Neill | Elliott M. Weinstein, Esq.<br>228 Lewis Wharf<br>Boston, MA 02110<br>Attorney for William A. Howe |

```
Scott P. Lopez, Esq.              Roger Witkin, Esq.
24 School Street                  6 Beacon Street
Boston, MA 02108                  Boston, MA 02108
Attorney for Louis A. Paradiso    Attorney for Matt A. SACCO
```